

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHWEST KEY PROGRAM, INC., a foreign nonprofit; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA HERNANDEZ, an individual; ROBERTO NAVA, an individual; and AZAEL SANCHEZ, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/04/2019** at 10:00:29 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 West Broadway San Diego CA 92101

| CASE NUMBER: |
|---|
| *(Número del Caso):* 37-2019-00028692-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brent Marlis, 10940 Wilshire Blvd., Suite 1600, Los Angeles, CA 90024 (310) 431-9355

DATE: 06/05/2019
*(Fecha)*

Clerk, by     V Contreras     , Deputy
*(Secretario)*    V. Contreras    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   South Key Program, Inc., a foreign nonprofit
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   MARLIS LAW, P.C.
    Brent P. Marlis SB# 284654
2   E-mail: brent@marlislaw.com
    Young K. Park SB# 287589
3   E-mail young@marlislaw.com
    10940 Wilshire Boulevard, Suite 1600
4   Los Angeles, CA 90024
    Tel: 310-431-9355
5   Fax: 424-293-0516

6   Attorney for Plaintiffs
    Maria Hernandez, Roberto Nava,
7   and Azael Sanchez

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/04/2019** at 10:00:29 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10

11  MARIA HERNANDEZ, an individual;        CASE NO. 37-2019-00028692-CU-OE-CTL
    ROBERTO NAVA, an individual; and
12  AZAEL SANCHEZ, an individual,          **Unlimited Civil Case**

13                      Plaintiffs,         **COMPLAINT FOR DAMAGES**

14      vs.                                 (1) FAILURE TO PAY OVERTIME WAGES IN
                                                VIOLATION OF CAL. LABOR CODE §§
15  SOUTHWEST KEY PROGRAM, INC., a              204, 510
    foreign nonprofit; and DOES 1 through 50, (2) FAILURE TO PROVIDE MEAL PERIODS
16                                              IN VIOLATION OF CAL. LABOR CODE §§
                                                226.7, 512
17                                          (3) FAILURE TO PROVIDE REST PERIODS
                       Defendant.               IN VIOLATION OF CAL. LABOR CODE §
18                                              226.7
19                                          (4) FAILURE TO FURNISH ACCURATE
                                                ITEMIZED WAGE STATEMENTS IN
20                                              VIOLATION OF CAL. LABOR CODE § 226
                                            (5) FAILURE TO PROVIDE FINAL WAGES
21                                              AT SEPARATION IN VIOLATION OF
                                                CAL. LABOR CODE §§ 201, 203
22                                          (6) DISABILITY DISCRIMINATION IN
                                                VIOLATION OF FEHA;
23                                          (7) FAILURE TO ACCOMMODATE IN
                                                VIOLATION OF FEHA;
24                                          (8) WRONGFUL TERMINATION;
                                            (9) WHISTLEBLOWER RETALIATION IN
25                                              VIOLATION OF LABOR CODE § 1102.5;
                                            (10) FAILURE TO PROVIDE PERSONNEL
26                                               FILE IN VIOLATION OF CAL. LABOR
                                                 CODE § 1198.5
27                                          (11) CONSTRUCTIVE DISCHARGE IN
                                                 VIOLATION OF PUBLIC POLICY
28

                                    - 1 -
                           COMPLAINT FOR DAMAGES

1      Plaintiffs MARIA HERNANDEZ (hereinafter "Hernandez"); ROBERTO NAVA

2 (hereinafter "Nava"); and AZAEL SANCHEZ (hereinafter "Sanchez" and collectively "Plaintiffs")

3 for their Complaint against Defendant SOUTHWEST KEY PROGRAM, INC., a foreign nonprofit

4 (hereinafter "Southwest Key"); and DOES 1 through 50, (hereinafter collectively "Defendants")

5 allege as follows:

6                    **PARTIES**

7 1.  Plaintiff Hernandez is, and at all relevant times was, an individual residing in the County of San

8     Diego and the work performed for Defendants occurred in San Diego County.

9 2.  Plaintiff Nava is, and at all relevant times was, an individual residing in the County of San

10     Diego and the work performed for Defendants occurred in San Diego County.

11 3.  Plaintiff Sanchez is, and at all relevant times was, an individual residing in the County of San

12     Diego and the work performed for Defendants occurred in San Diego County.

13 4.  Plaintiffs are informed and believe and thereon allege that Defendant Southwest Key is a Texas

14     corporation organized and existing under the laws of the state of Texas and authorized to do

15     business as a foreign nonprofit in the State of California.

16 5.  The true names and capacities, whether individual, corporate, associate or otherwise, of

17     Defendant DOES 1 through 50, are unknown to Plaintiffs, who therefore sue said Defendants

18     by such fictitious names. Plaintiffs will amend this Complaint by inserting the true names and

19     capacities of each such Defendants, with appropriate charging allegations, when they are

20     ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants

21     designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiffs

22     and for damages proximately caused by the conduct of each such Defendants as herein alleged.

23 6.  Plaintiffs are informed and believe and thereon allege that at all relevant times Defendants

24     engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

25     conduct of its employees and/or agents, and are liable for the wrongful conduct of its

26     employees and/or agents as alleged herein.

27

28

**VENUE AND JURISDICTION**

7.  This Court is the proper Court and this action is properly filed in the County of San Diego

because Defendants' obligations and liability arise therein. The work performed by Plaintiffs

occurred at the Southwest Key Programs location in San Diego, California.

8.  Plaintiffs are informed and believe and thereon allege that Defendant Southwest Key Program,

Inc. is an employer as defined by Government Code section 12926(d) and covered by the Fair

Employment and Housing Act ("FEHA").

9.  Plaintiff Hernandez has exhausted her administrative remedies. Plaintiff timely filed charges

against Defendants with the California Department of Fair Employment and Housing ("DFEH")

on May 20, 2019 and received her "Right-to-Sue" notice as to Defendants.

**FACTUAL ALLEGATIONS COMMON TO HERNANDEZ'S CAUSES OF ACTION**

10. On or around March 18, 2018, Hernandez started her employment at Southwest Key as a Youth

Care Worker at the Casa San Diego location.

11. Early in her employment, Hernandez complained of various unlawful conduct to her

supervisors including incidences of child abuse, unpaid overtime hours, missed breaks, and a

failure to accommodate her disability. Hernandez complained in person, telephonically, and via

e-mail.

12. One of the complaints made by Hernandez was to program director, Linda Mendez, regarding

child abuse that Hernandez witnessed. Hernandez saw a child denied access to the restroom

despite pleading with youth care workers to allow him to go. The child then attempted to use

the bathroom anyway and was tackled by staff. The same child was later given medication for

which he was not prescribed. The staff told Hernandez that "*you need to learn how to work*

*here. You're going to see a lot of things and need to learn how to keep your mouth shut.*"

13. On April 19, 2018, Hernandez sent an e-mail to Sofia Hernandez, Linda Mendez and Ana

Babudar with the subject "Incident report." The e-mail described an incident of child abuse

where a minor's safety was jeopardized.

14. Hernandez also complained about her missed meal and rest breaks. She worked the night shift

at Casa San Diego and, due to staff shortages, she did not receive uninterrupted rest and meal

1  breaks as required by California law. Hernandez also worked long shifts, sometimes more than
2  15 hours.

3  15. Furthermore, Hernandez did not receive proper overtime pay. When she worked shifts longer
4  than 12 hours, she received compensation at time and a half for those hours, not double time
5  pay as required by California law.

6  16. On or around June 23, 2018, Hernandez fell down stairs while working the night shift and
7  injured her ankle. She went to the emergency room at Loma Linda University Medical Center –
8  Murrieta where she received x-rays and was instructed to follow up with her primary care
9  provider.

10 17. On or around June 26, 2018, Hernandez was treated at Riverside University Health System by
11 Maged Mikhail, MD. Hernandez discussed her ankle and her severe uncontrolled high blood
12 pressure with the doctor. Hernandez received a note from Dr. Mikhail stating that she should
13 remain out of work for two weeks and be re-evaluated for further time off for medical reasons.

14 18. On or around July 2, 2018, Hernandez was treated at Riverside University Healthy System by
15 Crystal Nguyen, MD. Hernandez received a doctor's note from Nguyen stating that she should
16 be allowed to change to the day shift for the purpose of patient's health. In addition to severely
17 high blood pressure, Hernandez suffers from diabetes and working the night shift had
18 contributed to her deteriorating health. Hernandez had asked Defendants previously to switch to
19 the morning shift and complained of the work conditions during the night shift. Hernandez
20 complained via e-mail: on April 19 to Linda Mendez and Sofia Hernandez; on May 17 to Linda
21 Mendez and Ana Babuar; and on June 19 to Linda Mendez and Martha Uribe.

22 19. The medication prescribed to control Hernandez's high blood pressure caused her to urinate
23 frequently. During the night shift, Hernandez was unable to take necessary bathroom breaks
24 and requested an accommodation to be moved to the morning shift so that she could use the
25 bathroom as needed.

26 20. Defendants asked that Hernandez receive a Medical Inquiry Form from her doctor and submit it
27 to the company, which she did. The Medical Inquiry Form listed the following restrictions:
28 *"Please allow Ms. Hernandez to work morning shift and have scheduled bathroom breaks.*

- 4 -

1   *Night shift causes patient increase stress, imbalance diet, imbalance lifestyle causing elevation*

2   *and uncontrolled blood pressure. Please allow her to work morning shift to enable her to better*

3   *hypertension control.*" The Medical Inquiry Form further stated the anticipated return to work

4   date provided was July 10, 2018.

5   21. Despite being cleared to return to work with restrictions, Defendants ignored Hernandez's

6   requests and never scheduled her again.

7   22. On or around July 11, 2018, Kialiah Nelson called Hernandez and said that Southwest Key

8   could not honor her doctor's note because the San Diego facility had no openings in the

9   morning. She additionally stated that she could not place Hernandez in the morning shift

10   because it would be a "*burden*" to Southwest Key.

11   23. In an email to vice-president Geraldo Rivera in early July 2018, Hernandez stated: "*I feel like I*

12   *am being punished for reporting all the current situations at casa san diego.*"

13   24. On or around July 20, 2018, Martha Uribe e-mailed Southwest Key employees stating that

14   there are openings for the morning shifts.

15   25. Defendants did not engage in any interactive process with Hernandez. Instead of

16   accommodating her, Hernandez's employment was finally terminated on or around September

17   14, 2018.

18   **FACTUAL ALLEGATIONS COMMON TO NAVA'S AND SANCHEZ'S CAUSES OF**

19   **ACTION**

20   26. Nava started working at Southwest Key as a Youth Care Worker on or around January 2, 2018

21   and was employed as such until he was forced to quit on or around December 16, 2018.

22   27. Nava worked the nightshift and, like Hernandez, did not receive proper breaks as required by

23   law. Furthermore, he did not receive all overtime wages at his correct overtime wage rate. He

24   has additional claims for inaccurate itemized wage statements and failure to provide all wages

25   due upon separation in violation of Labor Code section 203.

26   28. Sanchez started working at Southwest Key as a Youth Care Worker on March 1, 2018 and was

27   employed as such until he was forced to quit on or around September 20, 2018.

28   29. Sanchez worked the nightshift and did not receive proper breaks as required by law.

1  Furthermore, he did not receive all overtime wages at his correct overtime wage rate. He has
2  additional claims for inaccurate itemized wage statements and failure to provide all wages due
3  upon separation in violation of Labor Code section 203.

### FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[California Labor Code §§ 204, 510]**

**(All Plaintiffs Against All Defendants)**

8  30. Plaintiffs re-allege each and every paragraph of this Complaint as though fully set forth herein.

9  31. Labor Code § 510 entitles non-exempt employees to one-half times their hourly pay for any and
10  all hours worked in excess of eight hours in any work day, for the first eight hours worked on
11  the seventh consecutive day of work in a work week, and for any work in excess of forty hours
12  in any one work week. Employees are entitled to double their hourly pay for any and all hours
13  worked in excess of 12 hours in any work day and in excess of 8 hours on the seventh
14  consecutive work day.

15  32. By failing to pay double time and other overtime compensation to Plaintiffs, Defendants
16  violated California Labor Code §§ 204 and 510. As a result of Defendants' unlawful acts,
17  Plaintiffs have been deprived of overtime compensation and are entitled to recovery of such
18  amounts plus interest thereon, attorneys' fees and costs, under Labor Code § 1194 in an amount
19  according to proof at trial.

### SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods**

**[California Labor Code §§ 226.7 and 512]**

**(All Plaintiffs Against All Defendants)**

24  33. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

25  34. Defendants failed to maintain a policy of providing meal breaks as required by Labor Code §§
26  226.7 and 512 and Plaintiffs routinely worked through their meal breaks.

27  35. California law requires employers to provide meal and rest periods to their employees. Plaintiffs
28  worked in excess of five hours a day without being provided the statutory required half hour

1  meal period in which they were relieved of their duties, as required by Labor Code §§ 226.7 and

2  512.

3  36. Because Defendants failed to provide proper meal periods, they are liable to Plaintiffs for an

4  additional hour of pay at their regular rate of compensation for each meal break not provided.

5  **THIRD CAUSE OF ACTION**

6  **Failure to Provide Rest Periods**

7  **[California Labor Code § 226.7]**

8  **(All Plaintiffs Against All Defendants)**

9  37. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

10  38. Defendants routinely and willfully required Plaintiffs to work without rest breaks. Defendant

11  failed to provide Plaintiffs with mandatory rest breaks, instead requiring Plaintiffs to labor

12  through their rest break periods in violation of California labor law.

13  39. Because Defendants failed to provide proper rest breaks, Defendants are liable to Plaintiffs for

14  one hour of additional pay at the regular rate of compensation for each workday that the proper

15  rest break was not provided, pursuant to Labor Code § 226.7.

16  **FOURTH CAUSE OF ACTION**

17  **Failure to Furnish Timely and Accurate Itemized Wage Statements**

18  **[California Labor Code § 226]**

19  **(All Plaintiffs Against All Defendants)**

20  40. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

21  41. Labor Code § 226 requires an employer to furnish its employees with an accurate itemized wage

22  statement in writing showing, among other things: (1) all applicable hourly rates in effect during

23  each respective pay period and the corresponding number of hours worked by each respective

24  individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net

25  wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is

26  paid; (7) the name of the employee and an employee identification or social security number;

27  and (8) the name and address of the legal entity that is the employer.

28  42. As a pattern and practice, in violation of Labor Code § 226(a), Defendants failed to provide

1    Plaintiffs with accurate itemized wage statements.

2    43. As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiffs

3       suffered actual damages and harm by being unable to determine their applicable hourly rate or

4       the amount of overtime worked for each pay period, which prevented them from becoming

5       aware of these violations and asserting their statutory protections under California law.

6    44. Pursuant to Labor Code § 226(e), Plaintiffs are entitled to recover the greater of all actual

7       damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one

8       hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an

9       aggregate penalty of four thousand dollars ($4,000.00)

10   45. Plaintiffs are entitled to an award of costs and attorneys' fees under Labor Code § 226(h).

11                              **FIFTH CAUSE OF ACTION**

12                   **Failure to Pay Compensation Due Upon Separation**

13                          **[California Labor Code § 203]**

14                       **(All Plaintiffs Against All Defendants)**

15   46. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

16   47.  California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and

17       owing to Plaintiffs immediately upon discharge or resignation or within seventy-two hours of

18       termination of their employment. California Labor Code § 203 provides that if an employer

19       willfully fails to pay compensation promptly upon discharge or resignation, then the employer is

20       liable for such "waiting time" penalties in the form of continued compensation up to thirty

21       workdays.

22   48. Defendants failed to pay Plaintiffs compensation due upon separation. As a result, Defendants

23       are liable to Plaintiffs for waiting time penalties provided under Labor Code **§** 203, plus

24       attorneys' fees and costs of suit.

25                              **SIXTH CAUSE OF ACTION**

26                   **Disability Discrimination in Violation of FEHA**

27                          **[Govt. Code § 12940, *et seq.*]**

28                    **(Plaintiff Hernandez Against All Defendants)**

1   49. Plaintiff Hernandez re-alleges each and every paragraph of this Complaint as though fully set
2       forth herein.
3   50. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government
4       Code § 12940, *et seq.*, was in full force and effect and binding on Defendants. These statutes
5       make it unlawful to discriminate against an employee on the basis of a disability.
6   51. Defendants discriminated against Plaintiff on the basis of her disability by ignoring, refusing,
7       and rebuffing her requests to return to work and then ultimately terminating her employment.
8   52. As a proximate result of Defendants' willful, knowing and intentional discrimination of
9       Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other
10      benefits.
11  53. As a proximate result of Defendants' willful, knowing and intentional discrimination of
12      Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and
13      mental and physical pain and anguish, all to her damage in a sum according to proof.
14  54. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with
15      malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were
16      carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore
17      entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

18                                **SEVENTH CAUSE OF ACTION**
19                          **Failure to Accommodate in Violation of FEHA**
20                                **[Govt. Code § 12940(m)]**
21                          **(Plaintiff Hernandez Against All Defendants)**

22  55. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.
23  56. Under FEHA, Defendants are required to engage in a timely, good faith, interactive process with
24      an employee it believes has a disability or who, in fact, has a disability, to determine if that
25      employee needs reasonable accommodations to perform the job.
26  57. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff
27      with reasonable accommodations and they failed to engage in a timely, good faith, interactive
28      process with Plaintiff to determine effective reasonable accommodations to the extent she

1   needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq.*

2   58. As a proximate result of Defendants' willful, knowing and intentional discrimination against

3   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiffs' disabilities,

4   Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

5   59. As a proximate result of Defendants' willful, knowing and intentional discrimination against

6   Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiffs' disabilities,

7   Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and

8   mental pain and anguish, all to her der damage in a sum according to proof.

9   60. By ignoring, refusing, and rebuffing Plaintiff's requests to return to work and then ultimately

10   terminating her employment without providing her with a reasonable accommodation,

11   Defendants acted with intent to cause injury to Plaintiff, or Defendants' conduct was despicable

12   and done with a willful and knowing disregard of the rights or safety of Plaintiff. Defendants

13   acted with knowing disregard as they were aware of the probable consequences of its conduct

14   and deliberately failed to avoid those consequences. Defendants subjected Plaintiff to cruel and

15   unjust hardship in knowing disregard of Plaintiff's rights. Accordingly, Plaintiff, requests the

16   assessment of punitive damages against Defendants in an amount appropriate to punish and

17   make an example of Defendants.

18   61. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government

19   Code §§ 12940, *et seq.*

20   **EIGHTH CAUSE OF ACTION**

21   **Wrongful Termination in Violation of Public Policy**

22   **(Plaintiff Hernandez Against All Defendants)**

23   62. Plaintiff Hernandez re-alleges each and every paragraph of this Complaint as though fully set

24   forth herein.

25   63. Plaintiff's employment was terminated in violation of the fundamental public policies of the

26   State of California including those set out in the California Fair Employment and Housing Act

27   and the California Labor Code.

28   64. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will

1     continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks

2     back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorney fees and

3     thereby claims such amount as damages, together with pre-judgment interest.

4 65. Because the acts taken toward Plaintiff by Defendants were deliberate, malicious and undertake

5     to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be

6     proven at trial.

7 **NINTH CAUSE OF ACTION**

8 **Whistleblower Retaliation**

9 **[Labor Code § 1102.5]**

10 **(Plaintiff Hernandez Against All Defendants)**

11 66. Plaintiff re-allege each and every paragraph of this Complaint as though fully set forth herein.

12 67. California Labor Code section 1102.5 prohibits an employer from retaliating against an

13     employee for disclosing information, or because the employer believes that the employee

14     disclosed or may disclose information, to a government or law enforcement agency, to a person

15     with authority over the employee or another employee who has authority to investigate,

16     discover, or correct the violation or noncompliance, or for providing information to, or

17     testifying before, any public body conducting an investigation, hearing, or inquiry, if the

18     employee has reasonable cause to believe that the information discloses a violation of state or

19     federal statute, or a violation of or noncompliance with a local, state, or federal rule or

20     regulation, regardless of whether disclosing the information is part of the employee's job duties.

21 68. As alleged above, Plaintiff made complaints of child abuse and disclosed information to other

22     persons with authority over herself.

23 69. Plaintiff's activity protected by Labor Code section 1102.5 was a contributing factor in

24     Defendants' decision to discharge Plaintiff.

25 70. As a proximate result of the unlawful conduct of Defendants, Plaintiff has suffered and

26     continues to suffer substantial losses in earnings and other employment benefits in an amount

27     according to proof at the time of trial.

28 71. As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and

1  continues to suffer shock, grief, stress, anxiety, depression, and mental anguish, all to her

2  damage in an amount according to proof at the time of trial.

3  72. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in the

4  conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive

5  damages in an amount according to proof at the time of trial.

6  73. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to Code of

7  Civil Procedure section 1021.5 because she filed this action to provide a significant benefit to

8  the general public and/or a large class of persons.

9  74. Plaintiff is also entitled to $10,000 in civil penalties for each violation pursuant to Labor Code

10  section 1102.5(f).

11  **TENTH CAUSE OF ACTION**

12  **Failure to Provide Personnel File**

13  **[California Labor Code § 1198.5]**

14  **(All Plaintiffs Against All Defendants)**

15  75. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

16  76. Request for Plaintiffs' personnel files was made by their counsel on January 14, 2019.

17  77. Plaintiffs' personnel files were not produced to date.

18  78. Labor Code section 1198.5 provides that when an employer fails to permit a current or former

19  employee, or his or her representative, to inspect or copy personnel records, the employee may

20  recover a penalty of $750 from the employer plus attorneys' fees.

21  **ELEVENTH CAUSE OF ACTION**

22  **Constructive Discharge in Violation of Public Policy**

23  **(Plaintiffs Nava and Sanchez Against All Defendants)**

24  79. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

25  80. Defendants created work conditions so intolerable that Plaintiffs had no alternative but to resign.

26  81. Plaintiffs' working conditions were so intolerable and aggravated that a reasonable employer

27  would have realized that a reasonable employee in the position of Plaintiff would be compelled

28  to resign.

COMPLAINT FOR DAMAGES

1  82. By reason of the aforementioned conduct and circumstances, Defendants, and each of them,

2      violated the fundamental public policies of the State of California, as set forth in section 12940

3      of the Government Code and California Constitution which mandate that employees be free

4      from unlawful discrimination and harassment.

5  83. Defendants' constructive discharge of Plaintiffs is a violation of California's public policy.

6  84. As a direct and proximate result of Defendants' constructive discharged, Plaintiffs have suffered

7      damages, the precise amount to be proven at trial.

8

9                          **PRAYER FOR RELIEF**

10         WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

11  (a) For general, special, compensatory damages;

12  (b) For exemplary and punitive damages;

13  (c) For emotional distress damages;

14  (d) For reasonable attorneys' fees;

15  (e) For pre-judgment and post-judgment interest at the maximum legal rate;

16  (f) For costs of suit incurred;

17  (g) For such other and further relief as the Court deems just and proper.

18  DATED: May 20, 2019                    MARLIS LAW, P.C.

19

20

21                          By: _____

22                              Brent P. Marlis
                                Younk K. Park
23                              Attorney for Plaintiffs,
                                Maria Hernandez, Roberto Nava, and Azael
24                              Sanchez

25

26                          **DEMAND FOR JURY TRIAL**

27  Plaintiffs hereby demand a trial by jury on all claims.

28

DATED: May 20, 2019

MARLIS LAW, P.C.


By: _____
Brent P. Marlis
Younk K. Park
Attorney for Plaintiffs,
Maria Hernandez, Roberto Nava, and Azael
Sanchez

Exhibit A



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 20, 2019

Brent Marlis
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 201905-06196320
Right to Sue: Hernandez / Southwest Key Program, Inc.

Dear Brent Marlis:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing


May 20, 2019

RE: **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201905-06196320
      Right to Sue: Hernandez / Southwest Key Program, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov



GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 20, 2019

Maria Hernandez
13160 Mindanao Way
Marina Del Rey, California 90292

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201905-06196320
Right to Sue: Hernandez / Southwest Key Program, Inc.

Dear Maria Hernandez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 20, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Maria Hernandez                                          DFEH No. 201905-06196320

6

Complainant,

7

vs.

8

Southwest Key Program, Inc.

9

,

10

Respondents

11

_____

12

1. Respondent **Southwest Key Program, Inc.** is an **employer** subject to suit under

the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et

13

seq.).

14

2. Complainant **Maria Hernandez**, resides in the City of **Marina Del Rey** State of

15

**California.**

16

3. Complainant alleges that on or about **September 14, 2018**, respondent took the

following adverse actions:

17

18

**Complainant was discriminated against** because of complainant's disability

(physical or mental) and as a result of the discrimination was terminated, denied

19

reasonable accommodation for a disability.

20

**Complainant experienced retaliation** because complainant requested or used a

disability-related accommodation and as a result was terminated, denied reasonable

21

accommodation for a disability.

22

23

**Additional Complaint Details:** On or around March 18, 2018, Hernandez started

her employment at Southwest Key as a Youth Care Worker at the Casa San Diego

24

location.

Early in her employment, Hernandez complained of various unlawful conduct to her

25

supervisors including incidences of child abuse, unpaid overtime hours, missed

26

27

28

Date Filed: May 20, 2019

1   breaks, and a failure to accommodate her disability. Hernandez complained in
person, telephonically, and via e-mail.

2   One of the complaints made by Hernandez was to program director, Linda Mendez,

3   regarding child abuse that Hernandez witnessed. Hernandez saw a child denied
access to the restroom despite pleading with youth care workers to allow him to go.

4   The child then attempted to use the bathroom anyway and was tackled by staff. The
same child was later given medication for which he was not prescribed. The staff

5   told Hernandez that "you need to learn how to work here. You're going to see a lot of
things and need to learn how to keep your mouth shut."

6   On April 19, 2018, Hernandez sent an e-mail to Sofia Hernandez, Linda Mendez and

7   Ana Babudar with the subject "Incident report." The e-mail described an incident of
child abuse where a minor's safety was jeopardized.

8   Hernandez also complained about her missed meal and rest breaks. She worked the
night shift at Casa San Diego and, due to staff shortages, she did not receive

9   uninterrupted rest and meal breaks as required by California law. Hernandez also
worked long shifts, sometimes more than 15 hours.

10   Furthermore, Hernandez did not receive proper overtime pay. When she worked

11   shifts longer than 12 hours, she received compensation at time and a half for those
hours, not double time pay as required by California law.

12   On or around June 23, 2018, Hernandez fell down stairs while working the night shift
and injured her ankle. She went to the emergency room at Loma Linda University

13   Medical Center – Murrieta where she received x-rays and was instructed to follow up
with her primary care provider.

14   On or around June 26, 2018, Hernandez was treated at Riverside University Health

15   System by Maged Mikhail, MD. Hernandez discussed her ankle and her severe
uncontrolled high blood pressure with the doctor. Hernandez received a note from

16   Dr. Mikhail stating that she should remain out of work for two weeks and be re-
evaluated for further time off for medical reasons.

17   On or around July 2, 2018, Hernandez was treated at Riverside University Healthy

18   System by Crystal Nguyen, MD. Hernandez received a doctor's note from Nguyen
stating that she should be allowed to change to the day shift for the purpose of

19   patient's health. In addition to severely high blood pressure, Hernandez suffers from
diabetes and working the night shift had contributed to her deteriorating health.

20   Hernandez had asked Defendants previously to switch to the morning shift and

21   complained of the work conditions during the night shift. Hernandez complained via
e-mail: on April 19 to Linda Mendez and Sofia Hernandez; on May 17 to Linda

22   Mendez and Ana Babuar; and on June 19 to Linda Mendez and Martha Uribe.

23   The medication prescribed to control Hernandez's high blood pressure caused her to
urinate frequently. During the night shift, Hernandez was unable to take necessary

24   bathroom breaks and requested an accommodation to be moved to the morning shift
so that she could use the bathroom as needed.

25   Defendants asked that Hernandez receive a Medical Inquiry Form from her doctor
and submit it to the company, which she did. The Medical Inquiry Form listed the

26

27

28   Date Filed: May 20, 2019

following restrictions: "Please allow Ms. Hernandez to work morning shift and have scheduled bathroom breaks. Night shift causes patient increase stress, imbalance diet, imbalance lifestyle causing elevation and uncontrolled blood pressure. Please allow her to work morning shift to enable her to better hypertension control." The Medical Inquiry Form further stated the anticipated return to work date provided was July 10, 2018.

Despite being cleared to return to work with restrictions, Defendants ignored Hernandez's requests and never scheduled her again.

On or around July 11, 2018, Kialiah Nelson called Hernandez and said that Southwest Key could not honor her doctor's note because the San Diego facility had no openings in the morning. She additionally stated that she could not place Hernandez in the morning shift because it would be a "burden" to Southwest Key.

In an email to vice-president Geraldo Rivera in early July 2018, Hernandez stated: "I feel like I am being punished for reporting all the current situations at casa san diego."

On or around July 20, 2018, Martha Uribe e-mailed Southwest Key employees stating that there are openings for the morning shifts.

Defendants did not engage in any interactive process with Hernandez. Instead of accommodating her, Hernandez's employment was finally terminated on or around September 14, 2018.

-3-

Date Filed: May 20, 2019

VERIFICATION

I, **Brent Marlis**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 20, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles CA**

Date Filed: May 20, 2019