# EXHIBIT B

Lyne A. Richardson, CA Bar No. 143566
lyne.richardson@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone:   310.217.8191
Facsimile:   310.217.8184

Attorneys for Defendant
SOUTHWEST KEY PROGRAMS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARIA HERNANDEZ, an individual; ROBERTO NAVA, an individual; and AZAEL SANCHEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWEST KEY PROGRAM, INC., a foreign nonprofit; and DOES 1 through 50,<br><br>Defendant. | Case No. 37-2019-00028692-CU-OE-CTL<br><br>[*Assigned for all purposes to The Honorable Richard S. Whitney, Dept. C-68*]<br><br>**DEFENDANT SOUTHWEST KEY PROGRAMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Action Filed:   June 4, 2019<br>Trial Date:   Not Set |

Defendant SOUTHWEST KEY PROGRAMS, INC. (erroneously sued as Southwest Key Program, Inc.) ("Defendant") hereby answers the Complaint for damages ("Complaint") of Plaintiffs MARIA HERNANDEZ, ROBERTO NAVA and AZAEL SANCHEZ ("Plaintiffs") as follows:

## **ANSWER**

Pursuant to Code of Civil Procedure section 431.30, Defendant denies both generally and specifically, each and every allegation contained in the Complaint and further specifically denies that Plaintiffs have suffered or will suffer any injury or damage as a result of any acts or omissions of Defendant.

/ / /

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant is informed and believes and on that ground alleges that Plaintiffs' Complaint is subject to the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiffs' Complaint, and each and every cause of action therein, fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Claims Barred by the Statute of Limitations)

2. Plaintiffs' Complaint is barred, in whole or in part, by the applicable statutes of limitations, including California Code of Civil Procedure Sections 335.1, 338, 340, 340(c), 343 and California Government Code Sections 12940, 12945.2, 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE
### (Claims Barred by the Doctrine of Estoppel)

3. By their conduct, Plaintiffs' recovery under their Complaint is barred, in whole or in part, under the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Claims Barred by the Doctrine of Waiver)

4. By their conduct, Plaintiffs' recovery under their Complaint is barred, in whole or in part, under the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Claims Barred by the Doctrine of Unclean Hands)

5. By their conduct, Plaintiffs' recovery under their Complaint is barred, in whole or in part, under the doctrine of unclean hands.

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

**(Claims Barred by the Doctrine of Laches)**

6. Plaintiffs' Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

7. Any recovery on Plaintiffs' Complaint, or any cause of action alleged therein, is barred, in whole or in part, by Plaintiffs' failure to mitigate damages, including but not limited to, alleged loss of earnings, benefits, and other damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

8. Plaintiffs' Complaint and each claim alleged therein is barred for failure to exhaust administrative remedies, including but not limited to, under the California Fair Employment and Housing Act, Government Code Section 12900, et seq.

## NINTH AFFIRMATIVE DEFENSE

**(No Proximate Cause of Alleged Injuries)**

9. Any acts or omissions by Defendant were not a proximate cause of any injuries alleged by Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

**(Proximate Cause of Alleged Damages)**

10. Plaintiffs are barred from claiming any injuries or damages because such injuries and damages are the sole, direct and proximate result of Plaintiffs' conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Claims Barred by After Acquired Evidence)**

11. Defendant alleges that Plaintiffs' claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent of Plaintiffs to Alleged Acts)

12. All of the acts of Defendant alleged in the Complaint, and each purported cause of action alleged therein, were done with the consent, full knowledge, and concurrence of Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Actions Taken in Good Faith)

13. All actions taken by Defendant with respect to Plaintiffs were, at all times relevant to this action, taken in good faith for legitimate non-discriminatory reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Taken Due to Business Necessity)

14. Any recovery on Plaintiffs' Complaint is barred on the ground that every action taken with respect to Plaintiffs was done out of business necessity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Psychological Disorders)

15. To the extent Plaintiffs suffered any symptoms of mental or emotional distress or injury, it was the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred Due to Contributory Fault)

16. Any recovery by Plaintiffs on the Complaint, or any cause of action alleged therein, is barred in whole or in part by Plaintiffs' own contributory and/or comparative fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

17. Plaintiffs are not entitled to recover the punitive damages in Plaintiffs' Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of California, including Defendant's rights to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection for "excessive

1 fines" as provided in the Eighth Amendment of the United States Constitution and Article I,
2 Section 17 of the Constitution of the State of California; and (3) substantive due process provided
3 in the Fifth and Fourteenth Amendments of the United States of America Constitution and the
4 Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Ratification)

18.   Assuming, *arguendo*, that someone acted to cause Plaintiffs harm, said actions were without the knowledge, authorization, or ratification of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Alleged Wrongful Motive Played no Role)

19.   In the event that Plaintiffs prove any wrongful acts by Defendant, the adverse employment actions about which Plaintiffs complain would have been the same even if the alleged wrongful motive played no role.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Use Ordinary Care)

20.   Any recovery by Plaintiffs is barred by Labor Code Sections 2854 and 2856 in that Plaintiffs failed to use ordinary care and diligence in the performance of Plaintiffs' duties and failed to substantially comply with the reasonable directions of Plaintiffs' employer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Legal Causation of Injuries)

21.   Plaintiffs' Complaint, and each purported cause of action contained therein, is barred because Plaintiffs' injuries, if any, were legally caused, in whole or in part, by Plaintiffs' own negligent or intentional acts or omissions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Outrageous or Intentional Acts)

22.   The alleged acts of Defendant were not outrageous, intentional, or reckless, and Plaintiffs did not suffer severe emotional distress as a result of Defendant's alleged acts.

/ / /

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Worker's Compensation Preemption)**

23. Defendant alleges that the Complaint, and each purported cause of action contained therein, is preempted by the California Workers' Compensation Act (Labor Code § 3600 et seq.).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Fundamental Public Policy)**

24. Any recovery by Plaintiffs is barred because Plaintiffs failed to allege a public policy that is sufficiently fundamental upon which to state a claim.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Apportionment of Alleged Damages)**

25. Defendant alleges that any damages alleged by Plaintiffs were either wholly or partially caused or contributed to by persons or entities other than Defendant, and Defendant is therefore entitled to apportionment among all such parties according to their responsibility for such injuries and damages suffered by Plaintiffs, if any.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Alleged Acts Essential Part of Business)**

26. Defendant alleges the Complaint, and each purported cause of action contained therein, are barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Violation of Public Policy)**

27. Defendant cannot be found liable because Defendant did not violate any statute or constitutional provision or public policy of the State of California.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Conduct Outside the Course and Scope of Employment)**

28. If any alleged actions are true, which Defendant denies, they occurred outside the course and scope of employment with Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Undue Burden and Hardship)**

29. Any recovery on Plaintiff Hernandez' failure to accommodate claim is barred because it would have been undue burden and hardship for Defendant to provide an accommodation to Plaintiff Hernandez.

## THIRTIETH AFFIRMATIVE DEFENSE

**(Doctrine of Unknown Hours Worked)**

30. Plaintiffs' claims are barred based on the doctrine of unknown hours worked.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Compliance With Requirements of the Labor Code)**

31. Defendant alleges that the Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted under the California Labor Code ("Labor Code") and the Wage Orders of the Industrial Welfare Commission ("IWC Wage Orders"), because, at all times, Defendant compensated Plaintiffs, and each purported aggrieved employee, in compliance with the requirements set forth in the Labor Code and the IWC Wage Orders.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Alleged Uncompensated Work Was de Minimis)**

32. Defendant alleges that the claims of Plaintiffs are barred, or at least limited, because the alleged uncompensated work time is/was de minimis.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Alleged Conduct Was Not Willful)**

33. Plaintiffs' claims for penalties, including but not limited to penalties under Labor Code sections 226 and 203 are barred in whole or in part, because Plaintiff has not alleged, and cannot allege, facts demonstrating that Defendant's conduct was willful or harmful. Defendant alleges that it engaged in lawful conduct that was with cause and justification, and Defendant is not liable for any purported injuries or claims which Plaintiffs now declares.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Alleged Acts Were in Good Faith)**

34.     Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant exercised reasonable care and compensated Plaintiffs in a manner that Defendant believed, in good faith, complied with the applicable laws and provisions, including the Labor Code and the IWC Wage Orders.  As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed.  Moreover, any alleged deficiencies were subject to cure, and therefore any penalties would be barred.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Lack of Actual or Constructive Knowledge)**

35.     Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiffs did not inform Defendant of alleged failure to pay wages or premium wages, failure to provide meal and/or rest periods, or any alleged inaccuracies regarding their pay stubs.  Plaintiffs therefore did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiffs while they were employed by Defendant.

## THIRTY–SIXTH AFFIRMATIVE DEFENSE

**(Entitlement to Attorneys' Fees for Frivolous Claim)**

36.      Plaintiffs' claims for failure to produce records is frivolous and brought in bad faith as such records were timely produced.  Defendant is entitled to an award of attorneys' fees for defending against this bad faith, frivolous, claim that has no merit.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiffs take nothing by way of their Complaint;

2.     That Defendant recovers attorneys' fees, expert fees and investigator fees;

/ / /

3. That Defendant recovers costs of suit herein; and

4. That the court award such other and further relief as it deems appropriate.

Dated: July 9, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Lyne A. Richardson
Attorneys for Defendant
SOUTHWEST KEY PROGRAMS, INC.

## PROOF OF SERVICE
*Maria Hernandez, et al. v. Southwest Key Program, Inc.*
Case No. 37-2019-00028692-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, California 90502.

On July 9, 2019, I served the following document(s):

### DEFENDANT SOUTHWEST KEY PROGRAMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2019, at Torrance, California.

Carolina Martis
Type or Print Name                                    Signature

Ogletree, Deakins,
Nash, Smoak &
Stewart, P.C.

10
PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Brent P. Marlis, Esq.<br>Young K. Park, Esq.<br>MARLIS LAW, P.C.<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA  90024<br>Telephone:     (310) 431-9355<br>Facsimile:     (424) 293-0516<br>Email: brent@marlislaw.com<br>          young@marlislaw.com | Attorneys for Plaintiffs<br>MARIA HERNANDEZ, ROBERTO NAVA and AZAEL SANCHEZ |

11347728.1