UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERNANDEZ, an individual, et al.,<br><br>                                        Plaintiffs,<br><br>v.<br><br>SOUTHWEST KEY PROGRAM, INC., a foreign nonprofit, et al.,<br><br>                                        Defendants. | Case No.:  19cv1281-JLS(BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL THE FURTHER DEPOSITION OF PLAINTIFF AND MOTION TO COMPEL ANSWERS AT A DEPOSITION**<br><br>**[ECF No. 37]** |

Currently before the Court is Defendant Southwest Key Program, Inc.'s ("Southwest's" or "Defendant's") Motion to Compel the Further Deposition of Plaintiff and Motion to Compel Answers at a Deposition [ECF No. 37-1 ("MTC")], Plaintiff's opposition to the motion [ECF No. 35 ("Oppo."), Plaintiff's supplemental opposition to the motion [ECF No. 38 ("Supp. Oppo.")], and Defendant's reply [ECF No. 39 ("Reply")].  For the reasons set forth below, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff's deposition was initially noticed for December 10, 2019.  MTC at 5; ECF No. 37-2, Declaration of Glendy Lau in Support of Defendant's Motion to Compel the Further Deposition of Plaintiff and Motion to Compel Answers at a Deposition ("Lau Decl."), at ¶ 3.  After several months of meeting and conferring, the parties rescheduled Plaintiff's deposition for April 21,

2020.  MTC at 5; Lau Decl. at ¶ 4.  Due to COVID-19 and the "Shelter in Place" orders, the parties agreed to reschedule Plaintiff's deposition and continue the fact discovery deadline by 60 days.  MTC at 5; Lau Decl. at ¶ 5.  On June 18, 2020, the Court granted the parties' joint motion to continue the fact discovery deadline [ECF No. 29] to August 25, 2020.  ECF No. 30.

Plaintiff's first deposition was conducted virtually on June 15, 2020.  MTC at 6; Lau Decl. at ¶ 7.  Due to technical issues with the audio and Veritext's (the vendor for the court reporter) exhibit sharing program, the deposition, which was noticed for 10:00 a.m., started approximately 45 minutes late.  Id.  Plaintiff's deposition was not completed by the end of the day because of additional various delays.  Id.  Defendant identified four significant problems:

> 1.  Plaintiff had difficulty viewing exhibits on the computer because she allegedly did not know how to use a computer and needed instructions on how to scroll and navigate the exhibits.  Id.

> 2.  Plaintiff needed a Spanish interpreter and the interpreter could not translate testimony contemporaneously over videoconferencing because the court reporter could not transcribe the testimony when two people were talking at the same time.  MTC at 6; Lau Decl. at ¶ 8.

> 3.  Plaintiff struggled to understand basic questions which led to many questions being rephrased or repeated.  MTC at 6-7; Lau Decl. at ¶ 8.

> 4.  Plaintiff provided many non-responsive or evasive answers, would often go off topic, and required follow-up questions to refresh her memory.  MTC at 7; Lau Decl. at ¶ 9.

Plaintiff's second day of virtual deposition was noticed for July 6, 2020.  MTC at 7; Lau Decl. at ¶ 10.  This deposition was suspended after the lunch break at Plaintiff's request because Plaintiff was not feeling well.  MTC at 8; Lau Decl. at ¶ 11.  Defense counsel experienced the same difficulties and delays during this session as occurred during the first day of deposition. Id.  Additionally, Plaintiff had trouble seeing exhibits, despite defense counsel's attempt to share her screen on Zoom, and the deposition was delayed while Veritext's technician investigated the problem.  MTC at 7; Lau Decl. at ¶¶ 10-11.  The parties continued Plaintiff's deposition to July

29, 2020 and Defendant rented a conference room so that the court reporter could be present in the same location as Plaintiff and could hand Plaintiff physical copies of the exhibits.  MTC at 8; Lau Decl. at ¶ 12.  Due to reservation issues, Veritext had to book a separate room for the court reporter and the deposition began late.  Id.; ECF No. 37-3, Declaration of Julianne Pinter in Support of Defendant's Motion to Compel the Further Deposition of Plaintiff and Motion to Compel Answers at a Deposition ("Pinter Decl."), at ¶ 3.  Again, the pace of the deposition was slow due to the same issues that arose in the first two days of deposition and the parties agreed to hold a fourth day of deposition on August 24, 2020.  MTC at 8-9; Pinter Decl. at ¶¶ 4-5.

Plaintiff's fourth day of deposition also was extremely slow due to the same difficulties and interactions that occurred during the prior three days.  MTC at 9; Pinter Decl. at ¶ 6.  At approximately 4:05 p.m., Plaintiff's counsel inquired into how much longer Defendant intended to depose Plaintiff to which defense counsel replied that she did not know and that the length of time depended on Plaintiff's responsiveness to the remaining questions.  MTC at 9-10; Pinter Decl. at ¶ 7.  When defense counsel would not definitively commit to concluding the deposition by 5:00 p.m., Plaintiff's counsel unilaterally ended the deposition at 4:09 p.m. and left with his client.  ECF No. 37-3, Exhibit 2 to Pinter Decl. ("Exhibit 2"), at 39-40.

Before Plaintiff departed from her fourth day of deposition, Defendant stated that if Defendant was unable to complete Plaintiff's deposition, Defendant would seek the Court's intervention.  MTC at 10; Exhibit 2 at 37.  On August 25, 2020, Defendant filed an Ex Parte Application for Relief to File a Motion to Compel the Further Deposition of Plaintiff and Motion to Compel Answers at a Deposition Past the Discovery Deadline [ECF No. 33] and Plaintiff filed an opposition to the motion [ECF No. 35] on August 26, 2020.  On August 31, 2020, the Court granted Defendant's Ex Parte Application and set a briefing schedule for Defendant's motion to compel.  ECF No. 36.  In accordance with that schedule, the parties timely filed their motion, opposition, supplemental opposition, and reply.  Id.; see also MTC, Oppo., Supp. Oppo., and Reply.

**LEGAL STANDARD**

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only

3

"for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).   In deciding whether to permit modification to a scheduling order, the Court should consider: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party.  United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).  When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be granted.  Id.  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Lavin v. United Techs. Corp., No. 2:13-CV-09384-CAS, 2014 WL 4402244, at *2 (C.D. Cal. Sept. 5, 2014) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)).

## DISCUSSION

Defendant seeks an order from the Court compelling Plaintiff to: (1) complete her deposition past the discovery deadline; (2) answer questions that she was instructed not to answer; (3) answer questions that she failed to respond to; and (4) supply information that was requested during her deposition.  MTC at 5.  Plaintiff argues that Defendant's motion should be denied because Defendant has failed to demonstrate good cause and excusable neglect and has had ample time to complete Plaintiff's deposition.  Oppo. at 6; Supp. Oppo. at 4.

### A.  Standard of Proof

Plaintiff argues that Defendant must establish excusable neglect because it filed its motion less than 21 days before the discovery deadline.  Oppo. at 6; Supp. Oppo. at 4 (citing Fed. R. Civ. P. 6(b)(1)(B)).  Federal Rule Civil of Procedure 6(b)(1)(A) provides that a court may extend

a deadline "for good cause" if the motion is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).  Rule 6(b)(1)(B) states that if the motion is made after time has expired, the party also must establish that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Here, Defendant filed its Ex Parte Application for Relief to File a Motion to Compel the Further Deposition of Plaintiff and Motion to Compel Answers at a Deposition Past the Discovery Deadline [ECF No. 33] on August 25, 2020, the last day of fact discovery.  The Court granted Defendant's ex parte application and authorized briefing after the close of discovery.  ECF No. 36.  Accordingly, the Court finds that Rule 6(b)(1)(A) governs and Defendant does not have to establish that it failed to act due to excusable neglect.  Alternatively, and for the reasons set forth in this order, the Court also finds that Defendant has established excusable neglect.

## B. Taking Plaintiff's Deposition Past the Discovery Deadline

Defendant argues that it is entitled to take and complete Plaintiff's deposition as "Plaintiff has discoverable information that is highly relevant to her claims regarding discrimination, termination, retaliation, and emotional distress."  MTC at 15.  Defendant also contends that this information is "critical to establishing [Plaintiff's] claims and Defendant's defenses in this action" and that "there is likely no other source for such information." Id.  Defendant asserts that good cause exists for the Court to allow Defendant to depose Plaintiff past the discovery deadline as Defendant has diligently attempted to complete Plaintiff's deposition before the deadline by conducting four days of deposition of Plaintiff over the course of three months.  Id. at 16-17. Finally, Defendant argues that the Court must allow additional time to depose Plaintiff because the various technical issues, the slow pace caused by the use of a remote Spanish interpreter, and Plaintiff's "dilatory tactics" unreasonably delayed Plaintiff's deposition.  Id. at 16.

Plaintiff argues that Defendant: 1) ignores the fact that it switched the deposing attorney for two sessions; 2) fails to acknowledge that Plaintiff showed up for four days of deposition; 3) fails to identify the total number of hours Plaintiff has been deposed; and 4) fails to identify how much more time Defendant requires to complete Plaintiff's deposition.  Supp. Oppo. at 3. Plaintiff also argues that Defendant does not provide facts establishing the reasons for its failure

to complete Plaintiff's deposition in the three and a half days that have already been provided. Oppo. at 8; Supp. Oppo. at 5.

Defendant replies that Plaintiff does not deny that: 1) Plaintiff engaged in dilatory tactics and ended two days of deposition early; 2) the various technical issues and a Spanish interpreter considerably slowed the pace of the deposition; and 3) Plaintiff failed to respond to and refused to answer questions.  Reply at 2.  Defendant reasserted that Plaintiff's deposition could be completed within a half day, or four hours, if Plaintiff answered questions and did not digress. Id.  Finally, Defendant argues that Plaintiff fails to demonstrate why Defendant's actions of switching attorneys leads to Defendant's inability to show good cause.  Id. at 3.

Defendant has established good cause to allow Plaintiff to be deposed on a fifth day. Initially, the Court finds that Defendant has been reasonably diligent it its efforts to depose Plaintiff in a timely manner.  Defendant first noticed Plaintiff's deposition for December 10, 2019. For a variety of normal litigation reasons, the deposition was reset for April 21, 2020.  This date was continued to June 15, 2020 and the discovery deadline was continued to August 25, 2020 due to COVID-19 issues.  As a result, Plaintiff's deposition began more than two months before the close of discovery and during those two plus months, Defendant deposed Plaintiff on four different days.

While it is unusual for a party to be unable to complete a deposition in that time, there were a number of factors beyond Defendant's control that contributed to this situation.  First, there were delays related to COVID-19.  Plaintiff required the use of a Spanish interpreter, but the interpreter was unable to provide simultaneous translation because all of the participants were in different locations using remote audio technology and the court reporter could not transcribe the testimony when two people were talking at the same time.  The deposition also was delayed due to technical issues with the program being used to conduct the remote deposition and Plaintiff's stated unfamiliarity with how to use a computer, including how to scroll through a document.  Second, there were delays due to Plaintiff's non-responsive, protracted, and evasive answers.  Defendant cites to an example of Plaintiff's non-responsiveness during her deposition:

19cv1281-JLS(BLM)

**Q:** Ms. Hernandez, did you report to the police your complaint regarding the request that you take a minor to the airport?

**A:** Why was I going to report it? If I was a new employee and I believed in the company and I – I was only asking for them to train me adequately. . .

**Q:** My question is, did you report it to the police? Yes or no.

**A:** And I've already answered. Why, if I was working for a company?

**Q:** Did you report it to the police?

**A:** Why was I going to report it to the police if I was working for a company? That's my answer.

MTC at 13; ECF No. 37-3, Exhibit 1 to Pinter Decl. ("Exhibit 1"), at 11-12.  Plaintiff continued to refuse to answer the question and her responses spanned more than five pages of the deposition transcript.  MTC at 14; Exhibit 1 at 11-15.  Defendant notes another instance in which Plaintiff provided evasive answers which required follow-up questions to refresh her memory:

**Q:** And who were you suing?

**A:** At Loma Linda University.

. . .

**Q:** And were you injured when you were working for Loma Linda University?

**A:** Yes.

**Q:** What was your injury?

**A:** I don't remember.

. . .

**Q:** And how did you injure yourself?

**A:** I don't remember.

7

**Q:** And when did you injure yourself?

**A:** I don't remember.

**Q:** Do you have an estimate of the year?

**A:** No, I don't remember.

**Q:** Was it within the last two years?

**A:** No.

**Q:** Was it in the last five years?

**A:** I don't remember.

Lau Decl. at ¶ 9; ECF No. 37-2, Exhibit F to Lau Decl. ("Exhibit F"), at 52-53.  Defendant asserts that Plaintiff answered, "I don't remember," to approximately 100 questions. Lau Decl. at ¶ 9. Plaintiff does not address, explain or dispute the fact that she provided numerous non-responsive and evasive answers.  See Oppo., Supp. Oppo.  Plaintiff also does not identify any improper or dilatory conduct or questioning committed by defense counsel that delayed the deposition.[1]  Id.  In light of all of these facts, the Court finds that Defendant has been reasonably diligent in its efforts to depose Plaintiff and that it was unable to complete her deposition in the time that already has occurred.

The next issue is prejudice.  Plaintiff largely argues that she will be prejudiced by an extension of the discovery deadline because "[a]llowing Defendant an infinite amount of time to

---

[1] Plaintiff does argue that Defendant should not have switched attorneys between Plaintiff's second and third day of deposition.  Supp. Oppo. at 3-4.  However, Plaintiff does not explain how it delayed the deposition, how it prejudiced her, or why it should prevent Defendant from conducting the additional hours of deposition.  As Defendant explained and Plaintiff noted, Defendant utilized lead trial counsel for the last two days of the deposition in an effort to "elicit responsive answers" from a difficult witness.  Reply at 3; Supp. Oppo. at 4 (stating that it was likely Defendant will argue that the switch in attorneys was necessary to corral Plaintiff).  Under the facts of the case, the Court finds that there was nothing improper about the switch in attorneys, that the switch did not negatively impact Plaintiff or the pace of the deposition, and that Defendant did not engage in bad faith or improper delay.

continue discovery will inevitably push the trial back." Supp. Oppo. at 5; see also Oppo. at 7. This argument is unpersuasive. First, Defendant seeks to depose Plaintiff for no more than half a day, or approximately four hours. Reply at 2. Second, the Court will not allow an "infinite amount of time" to complete the deposition. Third, the additional deposition time will not impact the January 21, 2021 Pretrial Conference date and a trial date has not yet been set.[2] As a result, the Court finds that Plaintiff will not be unduly prejudiced if the instant motion is granted. In contrast, Defendant will be prejudiced if it is unable to complete Plaintiff's deposition as it will be unable to ascertain the relevant facts regarding Plaintiff's claims. First Nat. Bank of Circle, 652 F.2d at 887.

For these reasons, the Court finds that Defendant has been reasonably diligent in its efforts to depose Plaintiff and to file the instant motion, that Plaintiff's deposition conduct significantly contributed to the delay in completing the deposition, that the prejudice to Plaintiff from the additional deposition time is significantly less than the prejudice to Defendant if the motion was denied, that Defendant did not engage in bad faith or improper conduct, and that the modification will not impact the orderly and efficient resolution of this case. Accordingly, the Court **GRANTS** Defendant's motion to further depose Plaintiff for four hours. The deposition must occur on or before October 16, 2020.

### C. Compelling Answers

Defendant argues Plaintiff should be compelled to answer questions regarding her termination, medical history and redacted medical records, psychological treatments, contacts with the media regarding her allegations, and specific details of alleged child abuse incidents as the information is highly relevant to her claims in the instant action. MTC at 12; Pinter Decl. at ¶ 8. Plaintiff largely focuses her argument on whether Defendant should be granted additional time to depose her and does not address Defendant's requests for specific answers. See Oppo.; see also Supp. Oppo.

///

---

[2] For the same reason, the Court finds that the requested and authorized minimal extension of the discovery deadline will not impact the orderly and efficient conduct of this case.

a. <u>Relevance Objection</u>

Defendant moves to compel Plaintiff to answer the question, "What's your current e-mail?". MTC at 12-13; Pinter Decl. at ¶ 9; Exhibit 2 at 33.  Plaintiff's counsel, Attorney Roberto Montes, Jr., instructed Plaintiff to not answer the question and argued that Plaintiff was not using that email at the time that she applied for positions at Southwest.  Exhibit 2 at 33.  When defense counsel, Attorney Julianne Pinter, noted that the email address would likely lead to the discovery of admissible evidence, Mr. Montes argued that Plaintiff had already answered the foundational question of whether she was using her current email at the time of her job applications, that Ms. Pinter was speculating, and that Defendant had other means of discovering that information.  <u>Id.</u> at 33-34.  Defendant argues that Plaintiff's response to this question is likely to lead to the discovery of admissible evidence regarding Plaintiff's allegations that she had applied for alternative positions with Southwest but was not considered for them.  MTC at 13; Pinter Decl. at ¶ 9.

Under Federal Rule of Civil Procedure 30, an attorney may instruct a client to not answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)" to terminate or limit the deposition.  Fed. R. Civ. P. 30(c)(2), (d)(3).  If none of the enumerated objection grounds exist, the objection may be noted on the record, "but the examination still proceeds; the testimony is taken subject to any objection."  <u>Id.</u> at 30(c)(2); <u>see also</u> <u>Brincko v. Rio Properties, Inc.</u>, 278 F.R.D. 576, 581 (D. Nev. 2011) ("The remedy for oppressive, annoying and improper deposition questioning is not simply to instruct a witness not to answer."); <u>Detoy v. City & Cnty. of San Francisco</u>, 196 F.R.D. 262, 365 (N.D. Cal. 2000) ("As a rule, instructions not to answer questions at a deposition are improper."); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-A § 11:1565 ("Rule 30(c)(2) renders 'relevancy' objections meaningless in most depositions.  The deponent must even answer questions calling for blatantly irrelevant information 'subject to the objection.'").

The Court finds that Plaintiff's counsel improperly instructed his client to not answer this question and further finds that the information is relevant.  Accordingly, the Court **ORDERS** Plaintiff to provide Defendant with her current email address.  Plaintiff must provide Defendant

with the answer in writing, signed under the penalty of perjury, on or before October 8, 2020.

        b.  <u>Nonresponsive Answers</u>

Defendant argues that during the third day of deposition, Plaintiff provided nonresponsive answers to multiple lines of questioning. MTC at 13-14; Pinter Decl. at ¶ 4; ECF No. 37-3, Exhibit 1 to Pinter Decl. ("Exhibit 1"), at 11-17. Specifically, Defendant contends that Plaintiff "continually provided non-responsive answers to the questions of whether she reported to the police about the incident of taking a minor to the airport" and "whether she reported anything to the police regarding her employment at" Southwest. MTC at 13-14. Defendant provided the following example:

> **Q:** Did you ever report anything to the police regarding your employment at Southwest Key program?
>
> **A:** I reported it to the pertinent authorities, which was the CEO or president of the company, the name was Juan Sanchez; Linda Mendez, who was the program director; Sofia Hernandez, who was my immediate supervisor; Ana Baudar, who is now the program director; Geraldo Rivera, who is a high executive. Also to human resources and many more– and many more people who I don't have in mind right now. But I do have e-mails that I send out and that you told the – at the judge that I deleted. But, ma'am, why would I delete them? So if you're asking me that question, you have the answer. And if you think I'm lying, go look at the e-mails. And don't say that I deleted them, please.
>
> . . .
>
> **Q:** Ms. Hernandez, listen very carefully, please. Every complaint that you made only to the police regarding your employment at Southwest Key Program, Inc.?
>
> **A:** Ms. Attorney, I'm going to answer the same thing that I've already answered to you. I reported it to the pertinent authorities at the company.
>
> **Q:** And you did not report it to the police; is that right?
>
> **A:** Why was I going to report it to the police? The only thing I wanted to do is work.

MTC at 14; Exhibit 1 at 15-16.   Plaintiff continued to provide nonresponsive answers for an additional four pages of the deposition transcript.   MTC at 14; Exhibit 1 at 15-20.

A party seeking discovery may "move for an order compelling an answer" if "a deponent fails to answer a question" asked during a deposition.   Fed. R. Civ. P. 37(a)(3)(B)(i); see also Fed. R. Civ. P. 37(a)(4) (providing that "an evasive or incomplete ... answer ... must be treated as a failure to ... answer").   Defendant's question required a "yes" or "no" response and Plaintiff did not provide either one.   Plaintiff provides no explanation for why she failed to answer the question and no argument why she should not be compelled to answer.   The Court finds that Plaintiff failed to answer the question and that Defendant was entitled to a response.   Fed. R. Civ. P. 37(a)(4).   Accordingly, Plaintiff is **ORDERED** to answer the questions of whether she reported the incident with the minor to the police and whether she reported anything regarding her employment at Southwest to the police.   Plaintiff must provide Defendant with the answers in writing, signed under the penalty of perjury, on or before October 8, 2020.

### c.   Missing Information

Defendant contends that during the third day of deposition, Plaintiff testified that she took medication for anxiety, but could not recall the name of the doctor who prescribed the medication.   MTC at 15; Pinter Decl. at ¶ 4; Exhibit 1 at 27-28.   Defendant explains that a blank was left in the deposition transcript to enable Plaintiff to provide the doctor's name, but Plaintiff has not done so.   Id.   Defendant asserts that this information is relevant and necessary to determine the validity of Plaintiff's emotional distress claims.   MTC at 15.   Plaintiff does not address this request and argument.   See Oppo.; see also Supp. Oppo.

The requested information is relevant and Plaintiff is **ORDERED** to provide the prescribing doctor's name and address in a written response signed under the penalty of perjury no later than October 8, 2020.   Defendant also asks the Court to strike Plaintiff's claim for anxiety and emotional distress damages if she does not provide the requested information.   This request is denied without prejudice as premature.

///

///

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's Motion and **ORDERS**:

1.      Defendant may depose Plaintiff for an additional four hours on or before **October 16, 2020**.  Plaintiff is ordered to answer the specific questions asked by defense counsel.

2.      On or before **October 8, 2020**, Plaintiff must provide written responses, signed under the penalty of perjury, to the following questions:

        a.      What is Plaintiff's current email address?  If Plaintiff's email address on October 7, 2020 is different than it was when Defendant originally asked this question, Plaintiff must provide a response using the date(s) the question was asked during the deposition.

        b.      Did Plaintiff report the incident of taking a minor to the airport to the police?

        c.      Did Plaintiff report anything regarding her employment with Southwest to the police?

        d.      What is the full name and address of the doctor who prescribed medication to Plaintiff for her anxiety?

3.      Defendant may ask the above questions during the deposition even if Plaintiff has provided written responses.

**IT IS SO ORDERED**.

Dated:  10/1/2020

Hon. Barbara L. Major
United States Magistrate Judge

13